IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN KURUTZ and JOHN KURUTZ, Plaintiffs | : : : | CIVIL ACTION NO. 2:22-cv-00554-MJH |
| v. | : : | |
| AMERICAN STATES INSURANCE COMPANY, Defendant | : : | |

**DEFENDANT AMERICAN STATES INSURANCE COMPANY'S MOTION TO DISMISS COUNT II AND TO STRIKE PARAGRAPHS 70 AND 72 OF PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(F)**

Defendant American States Insurance Company ("American States"), by and through its attorneys, Post & Schell, P.C., hereby moves this Honorable Court to dismiss Count II and to strike paragraphs 70 and 72 of Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), and, in support thereof. states as follows:

1. This is an underinsured motorist insurance coverage action arising from a February 24, 2019 automobile accident (the "Accident"). *See* ECF Doc. 24, Am. Compl. ("Am. Compl.").

2. Plaintiff JoAnn Kurutz ("Mrs. Kurutz") settled with the third-party tortfeasor and sought underinsurance motorist coverage form American States. *See id.* ¶¶ 19, 25.

3. American States denied Mrs. Kurutz's claim because it determined that Mrs. Kurutz's development of cardiac problems, including her pattern of cardiac arrhythmias, were unrelated to the Accident and that her bodily injury claim had not exceeded the $100,000 third-party policy limits. *See id.* ¶¶ 43, 62, 67.

4. On September 20, 2022, Plaintiffs amended their Complaint to add (1) a legally deficient bad faith claim and (2) improper allegations subject to Pennsylvania's mediation privilege.

5. As set forth more fully in the attached Brief, which is hereby incorporated by reference, Count II of the Amended Complaint must be dismissed because Plaintiffs have failed to state a claim for insurance bad faith as a matter of law.  This dispute arises from American States' differing valuation of Mrs. Kurutz's claim and an insurance company's valuation of a claim that is lower than what the insured would like cannot form the basis of an insurance bad faith claim when that valuation is based upon the review of an expert.  *See Seto v. State Farm Ins. Co.*, 855 F. Supp. 2d 424, 430 (W.D. Pa. 2012); *Walter v. Travelers Pers. Ins. Co.*, No. 4:12-CV-346, 2016 U.S. Dist. LEXIS 164012, at *7 (M.D. Pa. Nov. 29, 2016).  Plaintiffs' bad faith claims further fail because they rely on conclusory allegations that are not entitled to be assumed to be true and therefore fail to state a claim for bad faith.  *See Toner v. Geico Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).

6. Furthermore, as set forth in the attached Brief, which is hereby incorporated by reference, paragraphs 70 and 72 of the Amended Complaint must be stricken pursuant to Rule 12(f) because they set forth confidential settlement offers made during the court-mandated mediation of the above-captioned matter.  *See* 42 Pa.C.S. § 5949.

7. For these reasons, American States respectfully requests that this Honorable Court grant American States' Motion to Dismiss and Motion to Strike and enter the attached Order.

|  |  |
|---|---|
| Dated: 10/25/2022 | POST & SCHELL, P.C.<br>By: s/Richard J. Barca<br>John C. Sullivan<br>Atty. I.D. No. 32262<br>Richard J. Barca<br>Atty. I.D. No. 311635<br>Four Penn Center – 13th Floor<br>1600 John F. Kennedy Boulevard<br>Philadelphia, PA  19103<br>Phone:  (215) 587-1000<br>Fax:  (215) 587-1444<br>E-mail:  jsullivan@postschell.com<br>            rbarca@postschell.com<br>Attorneys for Defendant,<br>American States Insurance Company |