IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOANN KURUTZ, JOHN KURUTZ, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:22-CV-00554-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN STATES INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |

MEMORANDUM ORDER

And now this 10th Day of January, at the time of oral argument on Defendant's Motion to Dismiss and Motion to Strike (ECF No. 34), the Court, following consideration of the Amended Complaint (ECF No. 24), Motions (ECF No. 34), briefs and responses (ECF Nos. 35, 37, 38, and 39), and the arguments counsel, issued the following ruling on the record, which this Order now memorializes as follows:

> THE COURT: Well, in my experience and background it's the plaintiff's burden to prove causation, and my focus is on the date of that opinion from your doctor on causation. This is not an obvious case of causation. This is a case where you need to have the medical positions set forth. There was a clear issue.
>
> So it's my ruling in this matter, first of all, in relation to the paragraphs 70 and 72 of the Amended Complaint, all parties agree that those should be stricken. So paragraphs 70 and 72 of the Amended Complaint are stricken and the Motion by defense to that effect is granted.
>
> In relation to the Motion to Dismiss concerning Count II, the defendant's arguments in the face of the Complaint and all the allegations set forth within the briefing, defense position is well taken. Under the established case law regarding bad faith, defendant was permitted to seek expert opinions relative to Mrs. Kurutz's claims of injury damage in relation to causation. The facts that the expert opinion conflicts with Mrs. Kurutz's position or her own experts do not serve as a basis for bad faith.

A difference in case causation issues as well as a difference in case valuation cannot under the facts alleged in this case serve as a basis for statutory bad faith. Plaintiff's allegations taken as true do not reflect bad faith conduct by the defendant in the procedure, timing, or form of its investigation especially in light of the production of plaintiff's causation expert in April of 2020. The balance of the bad faith allegations particularly amount to boilerplate and conclusory allegation.

So for these reasons, it is this Court's decision that the defense motion to dismiss will be granted. Count II of the Amended Complaint is dismissed and any amendment is deemed futile in this case.

The defense is directed to file a response to the Amended Complaint Count I within 20 days.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge